Timothy L. Brictson, 174907
BRICTSON AND COHN
2214 Fifth Avenue
San Diego, California 92101
Tel. 619. 296-9387
Fax. 619. 232-0583

Attorneys for
CHARLES YIP
SILVIA QUINTERO

FILED
08 JAN -4 AM 11:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRIT OF CALIFORNIA**

| | |
|---|---|
| SAN DIEGO UNITE HERE PENSION FUND<br><br>Petitioner, and Cross Respondent<br><br>v.<br><br>CHARLES YIP<br>SILVIA QUINTERO<br><br>Respondent and Cross Petitioners | Case No. 07 CV 2261 JLS (JMA) &<br>07 CV 2262 WOH (BLM)<br><br>PETITION TO CONSOLIDATE [FRCP §42]; JOINT OPPOSITION TO PETITION FOR ORDERVACATING ARBITRATION AWARD [9 USC §10]; AND JOINT PETITION TO ENFORCE AWARD [9 USC §9]. |

**I**

**PETITION TO CONSOLIDATE**

CHARLES YIP ("Mr. Yip") SILVIA QUINTERO ("Ms. Quintero") are both Plan participants of the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund ("the Plan"). Both Mr. Yip and Ms. Quintero have 30 years of qualified service under the terms of the Plan. Both applied for a Service Pension as described in section in Section 3.10 of the Plan in 2006, and both were denied benefits by SAN DIEGO UNITE HERE PENSION FUND ("SDUHPF"). Both appealed in accordance with the terms of the Plan, and the matter







CR

went to Arbitration in accordance with the Plan. Mr. Yip's and Ms. Quintero's arbitrations were held jointly, both being represented by the undersigned, and both claiming the same issues.

The Arbitrator, Philip Tamoush, American Arbitration Association, found in favor of Mr. Yip and Ms. Quintero, on August 29, 2007. SDUHPF filed a petition to vacate the decision. Mr. Yip and Ms. Quintero oppose SDUHPF's petition to vacate, and seek an Order Confirming the Award.

The issues are identical in each case in regards to enforcement of the Arbitration Awards. The Arbitration Awards are substantial similar, based on the same grounds, come to the same finding, and are based on a common question of law and fact. SDUHPF's petitions to vacate are identical. Consolidation serves the purpose of judicial economy, and avoids unnecessary costs and delay to the parties. Therefore, Mr. Yip and Ms. Quintero ask that the cases be consolidated in accordance with Rule 42 of the Federal Rules of Civil Procedure.

**II**

## INTRODUCTION RE ARBITRATION AWARD

Public policy favors confirmation of Arbitration Awards, and disfavors vacating Arbitration Awards.

> The Federal Arbitration Act, 9 U.S.C. at §10, sets out the grounds upon which a federal court may vacate the decision of an arbitration panel. ... Courts have interpreted this section narrowly, in light of Supreme Court authority strictly limiting federal court review of arbitration decisions. It is generally held that an arbitration award will not be set aside unless it evidences a "manifest disregard for law." *See "Steelworkers Trilogy"[cites omitted.]* We said in *San Martine Compania De Navegacion v. Saguenay Terminals Ltd.*, 293 F.2d 796, 800 (9th Cir. 1961):
>
> "An award such as this, which is one within the terms of the submission, will not be set aside by a court for error in law or fact . . . " Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts . . . If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court . . . will not set it aside for error, either in law or fact." [Cite omitted.]

Todd Shipyards Corp. v. Cunard Line, 943 F.2d 1056, 1059-1060 (9th Cir. 1991).

The Plan at issue contained a mandatory arbitration provision, as stated by SDUHPF in their petition to vacate. Exhibit B to SDUHPF's Petition to Vacate, Section 10.02. SDUHPF drafted that Plan, and that mandatory arbitration provision. The Plan states:

> "The decision of the arbitrator shall be binding and final on all parties whose interests are affected thereby. "

Although the Plan allows for Plan participants to subsequently proceed with litigation, the Plan does not provide the same right to SDUHPF. Therefore, SDUHPF's petition to vacate should not be heard, or at best should be strictly scrutinized. Moreover, SDUHPF's petition to vacate fails to reach the high standard for vacating an arbitration award, and states no actual facts to support its presumptions and allegations.

Mr. Yip and Ms. Quintero ask that SDUHPF's petitions to vacate be denied, and that this Court issue an Order Confirming the Arbitration Awards.

## II

## RELEVANT FACTS

**a) Denial of Benefits and Appeal**

Mr. Yip and Ms. Quintero both applied for a Service Pension as described in section in Section 3.10 of the Plan with Petitioner SDUHPF, which states:

> Section 3.10 Service Pension
>
> An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.

[Article III, Section 3.10, of the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund (hereinafter "the Plan"), p. 19 of the Administrative Record before the Arbitrator.]

SDUHPF through their Plan Administrator, Allied Administrators, denied Mr. Yip and Ms. Quintero their Service Pension, despite their having 30 years of Service. After Mr. Yip and Ms. Quintero filed for their Service Pension, SDUHPF demanded that Mr. Yip and Ms. Quintero

quit their jobs, despite that fact that the Plan did not require that as a precondition to a Service Pension. In addition, SDUHPF instituted a new procedure requiring Ms. Quintero and Mr. Yip to formerly resign from their employment in writing, despite that fact that the Plan did not require that as a precondition to a Service Pension, and that had not previously been used by SDUHPF.

Both Mr. Yip and Ms. Quintero timely appealed the denial of benefits pursuant to the terms of the Plan, and the matters were arbitrated in accordance with the terms of the Plan.

The Arbitrator heard Mr. Yip and Ms. Quintero's cases jointly by agreement of the parties. Mr. Yip and Ms. Quintero contended that SDUHPF violated the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*, including 29 U.S.C. §1132, and they sought to enforce their rights to benefits under the specific terms of the Plan. Mr. Yip and Ms. Quintero maintained that the plain language of the Plan established that they were entitled to a Service Pension, and that SDUHPF incorrectly denied them that benefit.

**b) Treated Differently Than 22 Other Employees**

Prior to the arbitration, Mr. Yip had presented SDUHPF with information that stated that other employees were awarded the Service Pension who had not been required to quit their jobs, and who were not required to formerly resign in writing. Mr. Yip's letters to SDUHPF and its agents were part of the administrative record. Mr. Yip pointed out that those other persons' employment status were identical to his, and they had received the Service Pension. See Arbitration Brief of Charles Yip, attached hereto as Exhibit 1.

At the time of the arbitration, upon questioning of the Arbitrator, and after much evasion by SDUHPF's counsel, SDUHPF's counsel contended that she had not performed any investigation into Mr. Yip's contentions of a service pension being provided to similarly situated employees, or the possibility that others were receiving a Service Pension without being required to separate from employment.

During the Arbitration, SDUHPF's counsel made threats about pursuing "fraud" actions against those persons. The undersigned pointed out in our Post Arbitration Brief, attached hereto as Exhibit 2, that SDUHPF's counsel's theatrics and claims of ignorance at the time of arbitration were disingenuous, given that Mr. Yip had repeatedly written to SDUHPF advising them of those

facts. Yip 3 letters dated 8/15/06 (one addressed directly to SDUHPF's counsel), 10/3/06, etc., all part of the Administrative Record. Had SDUHPF been sincere in their concerns, they would have thoroughly investigated Mr. Yip's allegations.

At the arbitration SDUHPF could have easily produced the Plan Administrator, Debra Radovich of Allied Administrators, to rebut Mr. Yip's contentions if they were not true. However, they did not do so. Moreover, SDUHPF failed to produce ANY contrary evidence, or even to request leave to produce such contrary evidence. Mr. Yip testified at the hearing, he knows of at least 22 employees who received the service pension without being required to separate from employment. The Arbitrator's Award shows that he concluded that it was true that 22 other employees were receiving the Service Pension without being required to separate from employment. See Arbitration Awards, Exh. D to Petition to Vacate, Decision ¶¶ 1, 2, & 3, and Further Rationale ¶¶2 and 5, also attached hereto as Exhibits 3 and 4.

**c) New Requirements For Mr. Yip and Ms. Quintero**

Mr. Yip and Ms. Quintero both testified at the hearing that SDUHPF had required them to jump through hurdles, which had not been previously in place, and which employees who had previously been awarded the Service Pension, had not been required to perform. Arbitrator Tamoush termed this the "new requirement" or "new written requirement" in his Award. ¶¶1 and 2 of the Decision, of the Arbitration Awards, Exhibit. 3 and 4 attached hereto.

**d) The Plain Language of The Plan**

Mr. Yip and Ms. Quintero also argued that the plain language of the Plan entitled them to the Service Pension, which states:

> Section 3.10 Service Pension
>
> An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.

[Article III, Section 3.10, of the Plan, p. 19 of the Administrative Record.]

"Retired Employee" is defined in Section 1.27 of the Plan (p. 11 of the Administrative



BRICTSON & COHN
ATTORNEYS AT LAW
SAN DIEGO

Record) as: "The term 'Retired Employee' shall mean an Employee who has retired from Employment in the Industry within the meaning of Article III."

Article III of the Plan, pages 14-22 of the Administrative Record, is titled ELIGIBILITY FOR PENSION BENEFITS AND PENSION AMOUNTS. Neither section 3.01, Normal Pension, nor Section 3.03, Early Pension, nor Section 3.10, Service Pension, all which utilize the term "retire", state that termination of employment is required. As such, termination of employment is not a requirement for a Service Pension.

Nevertheless, even if the Plan contained a definition of "retire" or "retirement" that specifically called for the termination of employment, the terms of the Plan still do not require termination of employment for a Service Pension. This is because Section 3.11 of the Plan specifically states that a Service Pension is the equivalent of a retirement pension. Section 3.11 of the Plan, Amount of Service Pension, states:

> **Section 3.11 Amount of Service Pension**
>
> The amount of an employee's Service Pension shall be the amount of his or her monthly Normal Retirement Pension determined under Section 3.02 ***as though he or she had retired*** on his or her Normal Retirement Date.

[Section 3.11 of the Plan, p. 19 of the Administrative Record, emphasis added.]

As such, the Plan specifically states that for a Service Pension, a participant is entitled to that pension after 30 years of past and future eligible service as though he or she had in fact retired, regardless of the definition of "retired" or "retirement." Therefore, Mr. Yip and Ms. Quintero, having 30 years of eligible service, are in fact entitled to a Service Pension, pursuant to the plain language of the Plan, and as found by Arbitrator Tamoush.

On August 29, 2007 Arbitrator Tamoush issued the Arbitration Award in favor of Mr. Yip and Ms. Quintero. Attached hereto as Exhibits 3 and 4. In those Awards, the Arbitrator found that:

1. The Trustee's were in error upon an issue of law (considering the Rules [of the Plan] as the 'law' in this case) in that they failed to consider the question of severance of employment as presented by the Claimant, instituted a 'new' written requirement of proof of severance of employment by pension applicants, and failed to consider the apparent ambiguities in their Rules on this issue.
2. The Trustees acted arbitrarily and capriciously as indicated above and in refusing to consider the evidence, finally adduced more specifically at the arbitration hearing, that numerous employees who had been granted Service Pensions retiree's had continued to work in the past without severing their employment. Instead, the Plan initiated a new requirement that the pension applicant's had to show proof of employment severance before their pension application would be considered on a substantive basis.
3. The Trustee's Findings of fact were not supported by substantial evidence in that they failed to investigate the proffered evidence that other employees had not been required to sever employment prior t having their pensions granted.
4. ORDER: The Claimant's request for his Service Pension Benefit is hereby granted without a severance of employment.

FURTHER RATIONALE

...

4. The Arbitrator adopts in wh[o]le or in part the rationale and argument of Claimant's Counsel as his findings of fact and conclusions of law.

Exhibits 3 and 4, Arbitration Awards, dated August 29, 2007, Exhibits D to SDUHPF Petition to Vacate.

On November 29, 2007, SDUHPF, San Diego Unite Here Pension Fund, filed a Petition to Vacate the Arbitration Award, served the undersigned by mail on December 4, 2007. SDUHPF failed to provide to this Court the Administrative Record presented to the Arbitrator for his review and decision.

## III

## JOINT OPPOSITION TO PETITION TO VACATE

**a) SDUHPF Fails to Argue Statutory Grounds for Petition**

SDUHPF has limited grounds upon which to seek that the Arbitrator's awards be vacated. Section 10, of title 9, of the United States Code, Arbitration, 9 USC §10, outlines the limited grounds that the Arbitrator's decision may be vacated:

§ 10. Same; vacation; grounds; rehearing



BRICTSON & COHN
ATTORNEYS AT LAW
SAN DIEGO

> (a)
> ...
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
> ...

9 USCS §10(a).

SDUHPF *cites* as grounds for its petition subparagraph 4) of section 10(a). Petition to Vacate, ¶26. However, SDUHPF does not make any argument or provide any evidence to show that section 10(a) applies to these cases. SDUHPF makes no showing that the Arbitrator exceeded his powers or so imperfectly executed them that mutual, final, and definite awards were not made. To the contrary, Arbitrator Tamoush's decision is clear, concise, and in accordance with the limited issue before him: were Ms. Quintero and Mr. Yip entitled to a Service Pension pursuant to the terms of the Plan. See Exhibits A to SDUHPF's Petitions to Vacate, the Submission for Arbitration. Arbitrator Tamoush clearly held that Ms. Quintero and Mr. Yip are entitled to a Service Pension Benefit. Exh. 3 and 4 attached hereto, Arbitration Awards.

SDUHPF seeks relieve through the non-statutory "escape valve" from the arbitral award, recognized in only the Ninth and Second Circuits, contending the arbitrator has "manifestly disregarded the law." <u>Vernon Vu Luong, v. Circuit City Stores, Inc.</u>, 368 F.3d 1109, 1112 (9th Cir. 2004). However, as described below, SDUHPF has not shown that it is entitled to relieve under this high standard.

**<u>B) The Record Shows that Arbitrator Tamoush did NOT Manifestly Disregard the Law</u>**

SDUHPF petition to vacate is solely based on its contention that Arbitrator Tamoush manifestly disregarded the law in rendering his decision. However, that it is a very high standard that SDUHPF failed meet:

> However, "manifest disregard of the law" has a well-defined meaning that Luong's petition cannot possibly meet. "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (internal quotation marks omitted). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it."

Vernon Vu Luong, v. Circuit City Stores, Inc., 368 F.3d 1109, 1112 (9th Cir. 2004).

SDUHPF contends that Arbitrator Tamoush disregarded section 401(a) of the Internal Revenue Code, IRC §401(a) (hereinafter "section 401(a)"), contending that the Pension Fund at issue is a qualified plan under the terms of section 401. Petition to Vacate, ¶¶20 and 23. However, SDUHPF provides no evidence in its Petition to Vacate, or at the time of the Arbitration that the Pension Fund is in fact a qualified plan under section 401.

Indeed, there is no evidence or requirement that the plan at issue be a qualified plan pursuant to section 401:

> Employers wishing to avoid the minimum funding, minimum vesting, nondiscrimination, minimum participation, minimum coverage and related rules associated with qualified pension plans may adopt nonqualified pension plans or other deferred compensation arrangements;"

Employee Benefits Guide, Matthew Bender, CHAPTER 5, *Nonqualified Employee Pension Plans and Deferred Compensation Arrangements*, § 5.01 (2007).

Moreover, the Plan's status as a qualified or nonqualified plan was not the issue at the time of the arbitration. The question was whether SDUHPF wrongly denied Mr. Yip and Ms. Quintero benefits under the terms of the Plan due to an error upon issue of law, or due to acting arbitrarily or capriciously, or were not supported by substantial evidence. Award of Arbitrator, Tamoush, August 29, 2007, Exh.s D to SDUHPF's Petitions to Vacate; and Submission for Arbitration, Exh. A to SDUHPF's Petition to Vacate. Arbitrator Tamoush found in Mr. Yip's and Ms. Quintero's favor in part due to the fact that he found that:

BRICTSON & COHN
ATTORNEYS AT LAW
SAN DIEGO

1. … failed to consider the question of severance as presented by Claimant [Yip and Quintero]…
2. ….numerous employees who had been granted Service Pensions retiree's had continued to work in the past without severing their employment. Instead, the Plan initiated a new requirement that pension applicants had to show proof of employment severance before their pension application would be consider on a substantitive basis.
3. … failed to investigate the proffered evidence that other employees had not been to sever employment prior to having their pensions granted.

…

FURTHER RATIONALE

…

5. … (Arbitrators Note: the 22 employees who have received pension benefits without severing employment) …

In view of all of the above SDUHPF's petition to vacate should be denied. SDUHPF failed to show that the Arbitration Award was in excess of the Arbitrator's powers or so imperfect so as to indefinite as required by section 10(a)(4), 9 USC §10(a)(4). SDUHPF provided no evidence that the Plan was in fact a qualified plan under section 401; and whether it was in fact qualified was not at issue. "The validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101,115 (1989); Black & Decker Disability Plan v. Nord, 538 U.S. 822,833 (2003). The issue was Mr. Yip's and Ms. Quintero's entitlement to a Service Pension pursuant to the terms of the Plan. 29 USC §1132. SDUHPF made no attempt in its petition to vacate to show that Mr. Yip and Ms. Quintero were not entitled to a Service Pension Benefit under the terms of the Plan. Therefore, SDUHPF's petition to vacate should be denied.

**C) The Terms of the Plan Prohibit SDUHPF from Petitioning to Vacating the Award**

Section 10.02 of the Plan, submitted by SDUHPF as Exhibit B, requires that a Plan Participant dissatisfied with a decision under the Plan must proceed with Arbitration prior to instituting a legal action. That section states that subsequent to Arbitration:

"...the Claimant shall have the right to bring an action in court against the Fund after having first exhausted all administrative remedies under the Plan."

The Plan specifically limits that right to claimants. The Plan does not provide any such remedy for SDUHPF. As such, by the terms of the Plan drafted by SDUHPF, SDUHPF does not have the right to bring an action to vacate the Arbitration Award. Therefore, SDUHPF petition to vacate should be denied.

## IV

## JOINT PETITION TO CONFIRM AWARDS

Mr. Yip and Ms. Quintero seek confirmation of the August 29, 2007 Arbitration Awards, granting them a Service Pension under the terms of the Plan, attached hereto as Exhibits 3 and 4. This Court has subject matter jurisdiction over this matter under the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*, including 29 U.S.C. §1132. The Arbitration Award determined Mr. Yip's and Ms. Quintero's entitlement to Service Pensions pursuant to the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund ("the Plan") of which they were plan participants.

Mr. Yip and Ms. Quintero seek to confirm the Arbitration Award that held:

1. The Trustee's were in error upon an issue of law (considering the Rules [of the Plan] as the 'law' in this case) in that they failed to consider the question of severance of employment as presented by the Claimant, instituted a 'new' written requirement of proof of severance of employment by pension applicants, and failed to consider the apparent ambiguities in their Rules on this issue.

2. The Trustees acted arbitrarily and capriciously as indicated above and in refusing to consider the evidence, finally adduced more specifically at the arbitration hearing, that numerous employees who had been granted Service Pensions retiree's had continued to work in the past without severing their employment. Instead, the Plan initiated a new requirement that the pension applicant's had to show proof of employment severance before their pension application would be considered on a substantive basis.

3. The Trustee's Findings of fact were not supported by substantial evidence in that they failed to investigate the proffered evidence that other employees had not been required to sever employment prior t having their pensions granted.

4. ORDER: The Claimant's request for his Service Pension Benefit is hereby granted without a severance of employment.

The Abritration Awards were in accordance with law, and the terms subject to Arbitration.

Therefore, Mr. Yip and Ms. Quintero respectfully request that this Court issue an Order confirming the August 29, 2007 Arbitration Awards, attached hereto as Exhibits 3 and 4.

RESPECTFULLY SUBMITTED,

Dated: January 3, 2008

Timothy Brictson
LAW OFFICE OF BRICTSON & COHN
Attorneys for
CHARLES YIP and SILVIA QUINTERO

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA ) Re: Yip and Quintero
COUNTY OF SAN DIEGO )

I am a resident of the County aforesaid. I am over the age of eighteen years and not a party to the within entitled action. My business address is 2214 Fifth Avenue, San Diego, CA 92101.

On January 4, 2008 I served the within

PETITION TO CONSOLIDATE [FRCP §42]; JOINT OPPOSITION TO PETITION FOR ORDERVACATING ARBITRATION AWARD [9 USC §10]; AND JOINT PETITION TO ENFORCE AWARD[9 USC §9]. And NOTICE OF LODGMENT IN SUPPORT OF PETITION TO CONSOLIDATE [FRCP §42]; JOINT OPPOSITION TO PETITION FOR ORDERVACATING ARBITRATION AWARD [9 USC §10]; AND JOINT PETITION TO ENFORCE AWARD[9 USC §9]

true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at San Diego, California, addressed as follows:

MELISSA COOK, ESQ.
3444 Camino Del Rio North, Suite 106
San Diego CA 92108

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2008 at San Diego, California.

**Alba Esquivel**

2. The Trustees acted arbitrarily and capriciously as indicated above and in refusing to consider the evidence, finally adduced more specifically at the arbitration hearing, that numerous employees who had been granted Service Pensions retiree's had continued to work in the past without severing their employment. Instead, the Plan initiated a new requirement that pension applicants had to show proof of employment severance before their pension application would be considered on a substantive basis.
3. The Trustee's findings of fact were not supported by substantial evidence in that they failed to investigate the proffered evidence that other employees had not been required to sever employment prior to having their pensions granted.
4. ORDER: The Claimant's request for his Service Pension Benefit is hereby granted without a severance of employment.

## FURTHER RATIONALE

1. Pension Plan Rules have a *latent ambiguity* in that they provide apparently for continued employment after receipt of Service Pension, but also provides for 'recommencing' of employment.
2. Arbitrator accepts showing that at least 22 employees in the two Hotels employing Appellant YIP (and QUINTERO who is an Appellant in a 'companion' case, AAA Case No. 73 620 00137 07 LYMC, being heard simultaneously with the instant case).
3. Denial of pensions unless employment is severed denies retirees seniority and other benefits which they would continue to earn if they did not have to sever employment and for which other employees have benefited.
4. The Arbitrator adopts in while or in part the rationale and argument of Claimant's Counsel as his findings of fact and conclusions of law.
5. The Arbitrator agrees with the sentiment expressed in the ***Restatement (Second) of Contracts*** which states in relevant part: "...it is sometimes said that extrinsic evidence (Arbitrator's Note: the 22 employees who have received pension benefits without severing employment) cannot change the plain meaning of the writing, but meaning can almost never be plain except in a context..." (found in ***How Arbitration Works (Elkouris), BNA, Sixth Edition*** page 437 ff., including footnotes))

The administrative fees and expenses of the American Arbitration Association totaling $500.00 shall be borne as incurred.

The fees and expenses of the arbitrator totaling $1500.00 shall be borne as incurred.

The other common expenses relating to this proceeding, totaling $16.55, shall be borne as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

8-28-07
Date

[signature]
Philip Tamoush



EXHIBIT D

19