Timothy L. Brictson, 174907
BRICTSON AND COHN
2214 Fifth Avenue
San Diego, California 92101
Tel. 619. 296-9387
Fax. 619. 232-0583

Attorneys for
CHARLES YIP
SILVIA QUINTERO

FILED
08 JAN -4 AM 11:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRIT OF CALIFORNIA**

SAN DIEGO UNITE HERE PENSION FUND

Petitioner, and Cross Respondent

v.

CHARLES YIP
SILVIA QUINTERO

Respondent and Cross Petitioners

Case No. 07 CV 2261 JLS (JMA) &
07 CV 2262 WOH (BLM)

NOTICE OF LODGMENT IN SUPPORT OF: PETITION TO CONSOLIDATE [FRCP §42]; JOINT OPPOSITION TO PETITION FOR ORDERVACATING ARBITRATION AWARD [9 USC §10]; AND JOINT PETITION TO ENFORCE AWARD [9 USC §9].

CHARLES YIP and SILVIA QUINTERO hereby submit the following documents in support of their Petition To Consolidate [FRCP §42]; Joint Opposition To Petition For Order vacating Arbitration Award [9 USC §10]; and Joint Petition To Enforce Award [9 USC §9] filed herewith.

1. Arbitration Brief Of Petitioner, Charles Yip, dated 8/6/07
2. Post Arbitration Brief Of Petitioners Yip And Quintero, dated 8/20/07
3. Award of Arbitrator, re Charles Yip v. Board of Trustees of the San Diego UNITE-HERE

Pension Fund, Case Number 736200014007 LYMC, dated 8/29/07

4. Award of Arbitrator, re Sylvia Quintero v. Board of Trustees of the San Diego UNITE-HERE Pension Fund, Case Number 736200013707 LYMC, dated 8/29/07

I declare under penalty of perjury that the documents attached hereto are true and complete copies of what they seek to represent.

Dated: January 3, 2008

Timothy Brictson
LAW OFFICE OF BRICTSON & COHN
Attorneys for
CHARLES YIP and SILVIA QUINTERO

Timothy L. Brictson, 174907
BRICTSON AND COHN
2214 Fifth Avenue
San Diego, California 92101
Tel. 619. 296-9387
Fax. 619. 232-0583

Attorneys for Plaintiff / Petitioner
CHARLES YIP

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| CHARLES YIP<br><br>Plaintiff / Petitioner,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO UNITE HERE PENSION FUND, and ALLIED ADMINISTRATORS<br><br>Defendants / Respondents | Case No. 736200014007 LYMC<br><br>ARBITRATION BRIEF OF PETITIONER, CHARLES YIP<br><br>Date: August 8, 2007<br>Arbitrator: Phillip Tamoush |

## I) INTRODUCTION

Petitioner, CHARLES YIP, maintains that Respondents wrongly denied him a Service Pension as described in section in Section 3.10 of the Plan, which states:

**Section 3.10 Service Pension**

An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.

[Article III, Section 3.10, of the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund (hereinafter “the Plan”), p. 19 of the Administrative Record of these proceedings to date.]

Respondents, the Plan Administrator, ALLIED ADMINISTRATORS, and the Trustees, the BOARD OF TRUSTEES OF THE SAN DIEGO UNITE HERE PENSION FUND, denied

Mr. Yip his Service Pension, despite his 30 years of Service. Mr. Yip asserts that in denying him benefits the following occurred.

a) Respondents violated the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*, including 29 U.S.C. §1132, and Mr. Yip seeks to enforce his rights to benefits under the specific terms of the Plan, and to clarify his rights to future benefits under the terms of the Plan. Mr. Yip maintains that the plain language of the Plan establishes that he is entitled to a Service Pension, and that Respondents incorrectly denied him that benefit.

b) Respondents breached their fiduciary duties in violation of ERISA, including 29 U.S.C. §§1104, 1109, 1132, in failing to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... for the exclusive purpose of providing benefits to participants ... in accordance with the documents and instruments governing the plan...." 29 U.S.C. §1104 (a)(1). This standard is derived from the common law of trusts, which require that a trustee strictly refrain from placing himself in a position where his personal interest may conflict with the interest of the beneficiary.

c) Mr. Yip maintains that Respondents should be estopped from asserting that one must quit their job before being eligible to collect a Service Pension, because Mr. Yip will present evidence that the Trustees of the Pension fund specifically and repeatedly touted information to the contrary.

Based on the above, Mr. Yip maintains that any hearing regarding the denial of his benefits should not limited to merely the documents contained in Administrative Record already created (pages 0 to 83, and the transcript of the October 25, 2006 hearing). Mr. Yip maintains that prior to any hearing he should be provided with the following information, and that Mr. Yip should be allowed to present such relevant evidence at hearing:

- The Name and Address of every person who "had been providing the Administrative Office with retirement dates that were inaccurate" referred to in the NOTICE TO PARTICIPANTS, attached to Mr. Yip's 10/3/06 letter to Ms. Cook and previously

BRICTSON & COHN
ATTORNEYS AT LAW
SAN DIEGO

provided, as page 81, to Mr. Yip's Exhibit A, during his administrative hearings to date.

- The Name and Address of every person granted benefits per the APPLICATIONS PRESENTED FOR APPROVAL TO THE BOARD OF TRUSTEES AT TEHIR MEETING, attached to Mr. Yip's 10/3/06 letter to Ms. Cook and previously provided, as page 82, to Mr. Yip's Exhibit A, during his administrative hearings to date.
- The Name and Address of every person granted pension benefits, but who's date last worked was listed as "Still working", in the minutes of the Pension Trust Meetings from January 1, 1998 to January 1, 2007.
- The Name and Address of every person denied pension benefits, because they were "still working" from January 1, 1998 to January 1, 2007.
- The Minutes of all Board of Trustees from January from January 1, 1998 to January 1, 2007, and as previously requested by Mr. Yip in his October 3, 2006 and August 15, 2006 letters.
- Any and all documents that establish "how the new procedure [requiring employment severance] was instituted" as previously requested by Mr. Yip in his October 3, 2006 August 15, 2006 letters.
- Any and all documents which establish when "the new procedure [requiring employment severance] was instituted" as previously requested by Mr. Yip in his October 3, 2006 August 15, 2006 letters.
- Any and all documents which establish how and/or when the plan participants were notified this "new procedure [requiring employment severance] was instituted" as previously requested by Mr. Yip in his October 3, 2006 August 15, 2006 letters.
- For each Service Pension recipient who was "still working" when those benefits began, a summary of the benefits, stating:

- The name and address of the recipient;
- The date benefits began;
- The number of days of employment reported for the month immediately before the benefits began;
- The number of days of employment reported for the month immediately after the benefits began; &
- The amount of contributions made on each recipient

- The names and addresses of all the Trustees on the Board of Trustees of San Diego UniteHERE Pension Fund from January 1, 1998 to January 1, 2007.

In addition, Mr. Yip requests the right to depose witnesses, including but not limited to Debra Radovich (of the Pension Department) and Jeff Eatchel (former Secretary-Treasurer of Local 30, and current Chairman of the Trustees) after production of the above requested documents and before the arbitration.

In addition, Mr. Yip seeks to produce at hearing testimony of witnesses as to the provision and/or denial of benefits. Mr. Yip requests that after Respondents produces the above information, that subpoenas be issued to relevant witnesses. At this time, Mr. Yip is prepared to produce several witnesses on those issues, but some of whom have advised that they will not appear without a subpoena. Attached hereto is a copy of the undersigned's July 5, 2007 letter to Ms. Cook, Respondents' attorney, requested that information.

## II) SUMMARY OF RELEVANT FACTS

The following facts are undisputed. When Mr. Yip applied for his Service Pension in July 2006 he had 30 years of eligible past and future service credits. When Mr. Yip applied for his Service Pension, Mr. Yip was provided the application for the pension from Deborah Radovich of Allied Administrators. Mr. Yip completed that application in full. That application is contained

in pages 62-64 of the Administrative Record. At the time Mr. Yip completed that application, Mr. Yip was an Officer of Local 30, with the title of Recording Secretary. At the time, another Officer of Local 30, Jeff Eatchel, held the position of Secretary-Treasurer of Local 30. Mr. Eatchel also held a dual role, that of Chairman of the Trustees of the Plan. At the time Mr. Yip applied for his Service Pension, there was significant internal strife amongst the officers of Local 30. That strife was so significant, that the Western Regional office of the International Unite Here took over the operation Local 30. The International began to operate Local 30 under a trusteeship. The San Diego Union reported on August 8, 2006:

> The action stripped Secretary-Treasurer Jeff Eatchel, President Nancy Browning of their officer positions and removed seven others from the local's executive board. …Tensions between Eatchel and Browning have been festering in recent months and boiled over in the spring when Eatchel was re-elected to the secretary-treasurer's job and Browning led a slate that took seven of the nine executive board slots. … Eatchel had complained to the international union that the board was blocking his ability to carry out his leadership duties. Chiesa said the board did an internal audit of the local, held an administrative hearing and decided the best action was to take over the local to stabilize its leadership. She said the audit showed "a number of problems most of which involved sloppy bookkeeping," but she would not elaborate.

Prior to the Local being placed in a trusteeship, Mr. Yip was openly engaged in actions that were specifically designed to place more checks and balances on the Secretary-Treasuer position held by Mr. Eatchel. These actions included, but were not limited to, the mobilization of rank and file members of Local 30 to attend Membership Meetings in order to vote down motions supported by Mr. Eatchel, and / or to move for, vote for, and pass amendments to the by laws that placed greater checks and balances on Mr. Eatchel's powers.

At all relevant times, Mr. Eatchel was Chairman of the Trustees of the Plan, and was married to Sandra Eatchel, the Administrative Representative of Allied Administrators, the Plan Administrator herein, and the direct supervisor of Deborah Radovich, the claims examiner who processed Mr. Yip's pension application.

Only after Mr. Eatchel was removed from his position as Secretary-Treasurer of Local 30 did Allied advise Mr. Yip that they needed an additional form to be completed; a form which they had not required before. That form now required that a pension applicant resign his or her current position. This had not been a requirement prior to Mr. Eatchel being removed. Moreover, as described below, the plain language of the Plan does not require such a separation of employment for a Service Pension.

## III) THE LANGUAGE IN THE PLAN CALL FOR A DE NOVO REVIEW OF THE ADMINISTRATOR'S DECISION

"[A] denial of benefits challenged under ERISA is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989); Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999). The Plan at issue herein does not give the Plan Administrator discretion to accept or deny claims. Nowhere in the Eligibility for Pension Benefits section of the Plan (p. 12 to 22 of the Administrative Record) does the Plan give the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. When the Plan is silent, the "default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc).

Indeed, Section 6.01 of the Plan, Benefit Payments (p. 32 of the Administrative Record)

states:

> a) In general, an Employee who makes application in accordance with this Plan and the rules and regulations of the Trustees, if any, and whom the Trustees determine to be eligible, shall be entitled upon retirement to receive the monthly Benefits provided in accordance with the provisions of this Plan.
>
> [Section 6.01 of the Plan, Benefit Payments ,p. 32 of the Administrative Record, emphasis added.]

Multiple cases directly on point establish that this language does not bestow discretion upon the Plan Administrator, and that the de novo standard of review of the Plan Administrator's decision is applicable.

The language used to confer discretion needs to actually appear in the Plan documents, rather than be implied. In Walke v. Group Long Term Disability Ins., 256 F.3d 835, 839-40 (8th Cir. 2001) the court applied a de novo standard of review explaining that the abuse-of-discretion standard of review applies only if the policy contains explicit discretion-granting language. In that case, the policy claim provision stating that administrator will not pay benefits until he receives "satisfactory proof" of entitlement was insufficient to bestow discretion on the plan administrator. The Court held such wording merely states the obvious and did not confer discretion upon the Plan Administrator, thus the de novo standard was applicable. Similarly in Bounds v. Bell Atlantic Enterprises Flexible Long-Term Disability Plan, 32 F.3d 337, 339 (8th Cir. 1994), the Court determined that language in the plan stating benefits would be paid "after [the administrator] receives adequate proof of loss" did not confer discretion upon the administrator.

The wording of the plans in Walke and Bounds are substantially similar to the wording in the Plan at issue herein. As such, the Arbitrator should review the denial of benefits de novo.

Respondents' attorney in her July 25, 2007 letter to the undersigned referenced terms of

the Trust Agreement to substantiate Respondents' allegation that the Plan confers discretion upon the Plan Administrator. However, the Trust Agreement is not the applicable document in determining this issue. The Plan, which is the document provided to Plan participants, such as Mr. Yip, is the applicable document.

Indeed, a review of the Administrative Record to date will confirm that the Trust Agreement has not been part of the Administrative Record. Instead, Mr. Yip and Respondents referenced the Plan in all matters prior to the forth coming Arbitration. Transcript from 10/25/06 Appeal Hearing, p. 5, l. 5-14, and Exhibit A. Accordingly, in this Arbitration, Respondents' cannot be allowed to argue that only the Administrative Record created to date is admissible, and then be allowed to submit evidence extrinsic to the Administrative Record to prove that claim.

Moreover, the language in the Trust Agreement cited by Respondents' attorney in her July 25, 2007 letter regards a) the Trustee role, not the Plan Administrators; and b) the Trustee's role in making decisions about the Trust itself, not in making decisions about claims by Plan participants.

**IV) RESPONDENTS' CONFLICT OF INTEREST WARRANT A DE NOVO REVIEW**

The Ninth Circuit has held that even where the Plan calls for the "abuse of discretion" standard of review, that standard can be "heightened" by a plan administrator's conflict of interest. See Atwood v. Newmont Gold Co., 45 F.3d 1317, 1322 (9th Cir. 1995).

Respondents' obligation was to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... for the exclusive purpose of providing benefits to participants ... in accordance with the documents and instruments governing the plan...." 29 U.S.C. §1104 (a)(1). That standard is derived from the common law of trusts, which require that a trustee strictly refrain from placing himself in a position where his personal interest may conflict with the interest of the beneficiary. One of the most important

duties of a trustee is loyalty to the beneficiaries, and in applying that rule, Courts are less concerned with unjust enrichment than they are with the ethical and efficient administration of the trust. Corley v. Hecht Co. 530 F. Supp. 1155, 1163 (1982), citing, Eaves v. Penn 587 F2d 453, 457(10th 1979), and Bird v. Stein, 258 F.2d 168, 177 (5th Cir. 1958), cert. den., 359 U.S. 926, 79 S. Ct. 608, 3 L. Ed. 2d 628 (1959), and In re Bond and Mortgage Guarantee Co., 303 N.Y. 423, 430-431, 103 N.E.2d 721 (1952)

Mr. Yip can present evidence that the Chairman of the Pension Fund and Trustee, , who was involved in the decision to deny Mr. Yip his benefits, had a conflict of interest that would reasonably influence him to deny benefits to Mr. Yip, and to deny benefits to similarly situated plan participants who applied for Service Pensions after June 2006.

In a nutshell, Mr. Yip can present evidence that the Chairman of the Trust was the Secretary-Treasurer for Local 30 just prior to the decision to deny Mr. Yip and others their Service Pension. At that time, Mr. Yip was openly influential in having rank and file members of Local 30 present and pass motions to amend the by laws of the Local to instill greater checks and balances over the Secretary-Treasurer for Local 30. At that time, Mr. Yip was openly influential in having the International take over Local 30, which resulted in Mr. Eatchel being removed from his position with Local 30.

Mr. Yip first applied for his Service Pension with Allied Administrators, prior to Mr. Eatchel being removed from office. At all relevant times, Mr. Eatchel was married to Sandra Eatchel, a senior employee of Allied Administrators, Ms. Eatchel is the direct supervisor of Deborah Radovich, the claims administrator handling Mr. Yip's for Allied. Only after Mr. Eatchel was removed from his position with Local 30, and after Mr. Yip initially applied for the pension, did Allied advise Mr. Yip that they needed a certification of termination of his employment before his application would be processed. Allied did not require that

information when Mr. Yip first applied for the Service Pension prior to Mr. Eatchel being removed from office.

Mr. Yip can also present evidence that numerous persons received Service Pensions, who had not been terminated from employment, prior to Mr. Eatchel being removed from office. Mr. Yip can also present evidence that establishes that the Trustees of the Pension Fund touted to rank and file members of Local 30 information that establishes the elements of estoppel in regards to the Service Pension.

The Courts have held that less dramatic apparent conflicts of interests have warranted a heightened standard of review. For example, Courts have held that there is an apparent conflict of interest where a long-term disability policy is both funded and administered by defendant. See Bendixen, 185 F.3d at 943; Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc., 125 F.3d 794, 797 (9th Cir. 1997).

Where the decision-maker has a substantial interest in denying the claim, the court may lessen the deference it gives to the administrative determination virtually to the point where the court's review is *de novo*. 29 US NITA § 1132. Indeed, the Ninth Circuit has found "material, probative evidence" of a serious conflict of interest to consist of "inconsistencies in the plan administrator's reasons," Lang, 125 F.3d at 799; Tremain v. Bell Indus., Inc., 196 F.3d 970, 976 (9th Cir. 1999). Such an inconsistency can be shown by the contrast between the treatment of Service Pensions before and after Mr. Eatchel's removal, all while Mr. Eatchel remained Chairman of the Pension Fund (the Trustees of the Fund) and while married to the boss of the Plan Administrator.

/

/

/

**V) REGARDLESS OF THE STANDARD OF REVIEW, EVIDENCE OF OTHER PLAN PARTICIPANTS WITH SUBSTANTIALLY SIMILAR QUALIFICATIONS IS ADMISSIBLE, BECAUSE THAT INFORMATION WAS KNOWN AND AVAILABLE TO THE PLAN ADMINISTRATOR WHEN SHE DENIED MR. YIP'S BENEFITS**

There is only one claims examiner over Local 30's Pension Fund. That is Deborah Radovich, and she has held that position for many years. As such, Ms. Radovich knows whether or not applicants other than Mr. Yip were awarded benefits without requiring termination of employment. Evidence of whether or not benefits were provided to some applicants, and not to others, all who have the same qualifications, is relevant evidence as to whether or not the Plan Administrator was acting arbitrarily.

**VI) REGARDLESS OF THE STANDARD OF REVIEW, MR. YIP IS ENTITLED TO A SERVICE PENSION UNDER THE PLAIN LANGUAGE OF THE PLAN**

Mr. Yip applied for a Service Pension described in section in Section 3.10 of the Plan, which states:

> Section 3.10 Service Pension
>
> An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.
>
> [Article III, Section 3.10, of the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund (hereinafter "the Plan"), p. 19 of the Administrative Record of these proceedings to date.]

"Retired Employee" is defined in Section 1.27 of the Plan (p. 11 of the Administrative Record) as: "The term 'Retired Employee' shall mean an Employee who has retired from Employment in the Industry within the meaning of Article III."

Article III of the Plan, pages 14-22 of the Administrative Record, is titled ELIGIBILITY FOR PENSION BENEFITS AND PENSION AMOUNTS. Neither section 3.01, Normal

Pension, nor Section 3.03, Early Pension, nor Section 3.10, Service Pension, all which utilize the term "retire", state that termination of employment is required. As such, termination of employment is not a requirement for a Service Pension.

Nevertheless, even if the Plan contained a definition of "retire" or "retirement" that specifically called for the termination of employment, the terms of the Plan still do not require termination of employment for a Service Pension. This is because Section 3.11 of the Plan specifically states that a Service Pension is the equivalent of a retirement pension. Section 3.11 of the Plan, Amount of Service Pension, states:

**Section 3.11 Amount of Service Pension**

The amount of an employee's Service Pension shall be the amount of his or her monthly Normal Retirement Pension determined under Section 3.02 ***as though he or she had retired*** on his or her Normal Retirement Date.

[Section 3.11 of the Plan, p. 19 of the Administrative Record, emphasis added.]

As such, the Plan specifically states that for a Service Pension, a participant is entitled to that pension after 30 years of past and future eligible service as though he or she had in fact retired, regardless of the definition of "retired" or "retirement." Therefore, Mr. Yip, having 30 years of eligible service, is entitled to a Service Pension, pursuant to the plain language of the Plan, regardless of the standard of review.

## VII) CONCLUSION

In view of all of the above, Mr. Yip respectfully requests that prior to a hearing on his entitlement to benefits, that he be provided the information outlined in the summary of facts above. Upon receipt of that information, Mr. Yip should be entitled to conduct other reasonable discovery in preparation of the hearing. At the time of the hearing, Mr. Yip maintains that a de novo standard of review should be applied, and that evidence should be admitted beyond the Administrative Record. Moreover, Mr. Yip maintains that evidence as to persons who were awarded and / or denied a Service Pension over the past is part of the information available to the

Plan Administrator in deciding to deny Mr. Yip his pension, regardless of the standard of review applied. Therefore, that information is relevant and admissible.

RESPECTFULLY SUBMITTED,

Dated: August 6, 2007

Timothy Brictson
LAW OFFICE OF BRICTSON & COHN
Attorneys for CHARLES YIP, Petitioner

Timothy L. Brictson, 174907
BRICTSON AND COHN
2214 Fifth Avenue
San Diego, California 92101
Tel. 619. 296-9387
Fax. 619. 232-0583

Attorneys for Petitioners

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| CHARLES YIP<br>MARIA QUINTERO<br><br>Plaintiff / Petitioner,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO UNITE HERE PENSION FUND, and ALLIED ADMINISTRATORS<br><br>Defendants / Respondents | Case No. 736200014007 LYMC<br><br>POST ARBITRATION BRIEF OF PETITIONERS YIP AND QUINTERO<br><br>Arb. Date: August 8, 2007<br>Arbitrator: Phillip Tamoush |

**I**

**INTRODUCTION**

In response to the Arbitrator's August 10, 2007 letter, Petitioners submit the following. In that letter, the Arbitrator stated that he would be applying a standard of proof that is referenced in the Arbitration submissions, which limits his review to:

- errors as to questions of law;
- whether the Trustee acted arbitrarily or capriciously in the exercise of their discretion; and
- whether the Trustee's findings of fact were supported by substantial evidence.

Petitioners continue to maintain that is the incorrect standard, but submit this brief in accordance with the Arbitrator's request.

## II
## OTHERS RECEIVING THE BENEFITS WITHOUT SEPERATING FROM EMPLOYMENT

The Arbitrator has asked for the names of other persons Petitioners know began to receive benefits without being required to separate from employment. At the time of the arbitration, upon questioning of the Arbitrator, and after much evasion by Respondent's counsel, Respondent's counsel contended that she had not performed any investigation into the possibility that others were receiving a Service Pension without being required to separate from employment. Respondent's counsel made threats about pursuing "fraud" actions against those persons. Clearly, Respondent's counsel's theatrics and claims of ignorance at the time of arbitration were disingenuous, given that Petitioner Yip had repeatedly written to Respondents advising them of those facts. Yip 3 letters dated 8/15/06 (one addressed directly to Respondent's counsel), 10/3/06, etc.

Moreover, Respondent could have easily produced the Plan Administrator, Debra Radovich of Allied Administrators, to rebut Mr. Yip's contentions if they were not true. Respondent's failure to respond to Mr. Yip's repeated letters stating others were receiving benefits without being required to separate from employment all should have been part of the administrative record. Respondent's failure to respond directly to those concerns during the course of reviewing Petitioners' claims, and Respondent's failure to produce ANY contrary evidence, or even to request leave to produce such contrary evidence, for purposes of this arbitration leaves Petitioners' statements uncontroverted. Therefore, the Arbitrator must accept Petitioners statements as true.

Section 412 of the California Evidence Code states:

> If weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.'

Cal. Evid. Code §412.

/

/

Section 413 of the California Evidence Code states:

> In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's failure to explain or to deny by his testimony such evidence or facts in the case against him, or his willful suppression of evidence relating thereto, if such be the case.

Cal. Evid. Code §413.

Section 411 of the California Evidence Code states:

> Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact.

Cal. Evid. Code §411.

It is the general rule that the uncontradicted and unimpeached testimony of a witness to a particular fact may not be arbitrarily disregarded; and is to be accepted as proof of the fact unless sufficient grounds exist for disbelieving it. Plastic Pipe & Fittings Assn. V. Cal. Building Standards (2004) 124 Cal.App.4th 1390, 1407.

Prior to the arbitration, Petitioner Yip repeatedly requested additional discovery regarding this issue. Respondent failed to respond to those requests, and the Arbitrator has not given Petitioners leave to subpoena that information despite Petitioners requests. Nevertheless, as Mr. Yip testified at the hearing, he knows of at least 22 employees who received the service pension without being required to separate from employment. They are: Terry Allen, Silvia Alvarez, Allan Campbell, Enrique Cervantes, Alfred Clementson, Francisco Delgado, Roman Godinez, Ezperanza Gonzalez, Felipe Hernandez, Reyna Hernandez Serafin Hernandez, Ronald Hughes, Alfredo Lopez, Benjamin Lopez, Barbara O'Gorman, David Rodriguez, Pedro Rodriguez, Mirna Serna, Roberto Serna, Victor Soltero, Nena Soto, Jorge Talavera.

That list of persons is limited to persons that Petitioners had access to and who worked at the two hotels (Hyatt and Holiday Inn) that Petitioners worked at. Given this limited sampling pool, it is reasonable to conclude that additional participants who work at other hotels received

similar treatment prior to Petitioners filing their claims.

Treating some participants differently than others without explanation or justification is the very definition of arbitrary and capricious. "A decision to deny benefits is arbitrary and capricious if it results in the disparate treatment of one person from all other persons similarly situated. " Foley v. IBEW Local Union 98 Pension Fund (2000) 112 F. Supp. 2nd 411, 416 [disparate treatment includes subjecting an individual to a stricter standard of proof than that applied to any other individual similarly situated].

> I conclude that even under this deferential standard, a reasonable jury could find that the trustees' decision to deny plaintiff the pension was arbitrary and capricious. I do not believe that *any* reason will suffice to justify a benefits decision under the arbitrary and capricious standard, particularly when there is evidence that a plan provision was interpreted differently in the case of one plan participant than in all other like cases. To uphold a benefits decision that was facially rational but treated a particular plan participant differently from all others similarly situated would be to transform the arbitrary and capricious standard into a judicial rubber stamp and give plan administrators the freedom to single out one plan participant for stricter scrutiny so long as a mere reason could be identified for their decision.

Foley v. IBEW Local Union 98 Pension Fund (2000) 91 F. Supp. 2nd 797, 805.

In view of the above, Petitioners should receive the Service Pension under any standard of review. Petitioner Yip repeatedly advised Respondent that there were "100s" of other participants that Respondent had not required to separate from employment prior to Respondent's denial of benefits. Respondent knew its own procedures and prior conduct prior to denying Petitioners benefits. Respondent has not even attempted to rebut Petitioners allegations of disparate treatment, despite being advised in advance it was central to Petitioners contention and being well within their power to do so.

## III
## RECOMMENCING EMPLOYMENT

The Arbitrator has requested input from the parties as to the significance of section 3.12 of the Plan that references "recommencing of employment." The significance of that section

reiterates the lack of the decisive nature of a participants' employment status in determining eligibility. That section specifically states that employees are entitled to benefits despite their continued employment.

Regardless of the content of Section 3.12, Respondents are strictly bound by the actual terms of Sections 3.10 and 3.11. Those sections regard the Service Pension at issue herein. Those sections state:

> **Section 3.10 Service Pension**
>
> An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.

Article III, Section 3.10, of the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund (hereinafter "the Plan"), p. 19 of the Administrative Record of these proceedings to date. And:

> **Section 3.11 Amount of Service Pension**
>
> The amount of an employee's Service Pension shall be the amount of his or her monthly Normal Retirement Pension determined under Section 3.02 ***as though he or she had retired*** on his or her Normal Retirement Date.

Section 3.11 of the Plan, p. 19 of the Administrative Record, emphasis added.

As such, the Plan specifically states that for a Service Pension, a participant is entitled to that pension after 30 years of past and future eligible service "as though he or she had in fact retired", regardless of the definition of "retired" or "retirement." Therefore, Petitioners both having 30 years of eligible service are entitled to a Service Pension.

> [T]he summary plan description is *binding*, and that if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall *govern*. Any other rule would be, as the Congress recognized, grossly unfair to employees and would undermine ERISA's requirement of an accurate and comprehensive summary. [Original emphasis.]

Hansen v. Continental Ins. Co. (5th 1991) 940 F.2d 971, 982; Washington v. Murphy Oil USA, Inc., (2007) U.S. App. LEXIS 19546, 12-13.

As such, Respondents are bound by the words of Sections 3.10 & 3.11. Those sections state that once a participant has 30 years of vested service, that participant is entitled to the pension "as though he or she had retired." Section 3.11. If Respondent argues that Section 3.12 is inconsistent with Section 3.11, Respondent is still bound by the terms of Section 3.11:

> … ambiguity in the summary plan description must be resolved in favor of the employee and made *binding* against the drafter."

Hansen v. Continental Ins. Co. (5th 1991) 940 F.2d 971, 982; Washington v. Murphy Oil USA, Inc., (2007) U.S. App. LEXIS 19546, 12-13. Therefore, Petitioners are entitled to a Service Pension in accordance with Sections 3.11 and 3.12 of the Plan.

## IV
## CONCLUSION

Evidence as to persons who were awarded and / or denied a Service Pension over the past is part of the information available to the Plan Administrator in deciding to deny Petitioners their Service Pension. Therefore, that information is relevant and admissible. Mr. Yip's testimony was uncontradicted, despite Respondent knowing of his allegations prior to the hearing as outlined in his numerous letters. Respondent had the power to present contrary evidence, and failed to do so. Therefore, the trier of fact may infer that had Respondent produced the evidence, that it actually would have supported Petitioners claims.

Nevertheless, Respondent is strictly bound by the terms of Section 3.11 of the Plan, regardless of the definition of retirement. That section provides for the payment of a Service

Pension after 30 years of eligible service, "as though he or she [the participant] had retired." Therefore, Petitioners should be awarded the Service Pensions requested.

RESPECTFULLY SUBMITTED,

Dated: August 20, 2007

Timothy Brictson
LAW OFFICE OF BRICTSON & COHN
Attorneys for Petitioners
YIP and QUINTERO

# AMERICAN ARBITRATION ASSOCIATION
## Arbitration Tribunal

In the Matter of the Arbitration between

Re: 73 620 00137 07 LYMC
Claimant, SYLVIA QUINTERO
VS
Respondent, Board of Trustees of the UNITE-HERE Pension Fund

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Pension Fund Rules providing for arbitration of disputes between the above-named parties and dated October 13, 2003, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

### ISSUES

1. whether the Trustees were in error upon an issue of law.
2. whether they acted arbitrarily or capriciously in the exercise of their discretion.
3. whether their findings were supported by substantial evidence.

### BACKGROUND

The parties to this dispute and arbitration matter are SYLVIA QUINTERO, Appellant (Claimant) and the Board of Trustees of the UNITE-HERE Pension Fund (Respondent). An administrative hearing was held before the Board of Trustees regarding the Claimant's application for a Service Pension. While treated as an appeal of the denial of the Fund's administrators, the matter was not processed and heard as a *de novo* consideration. As provided in the Fund Plan, Claimant exercised his right to appeal the decision of the Trustees. The representatives of the parties appeared before the undersigned on August 8, 2007. Both parties were represented by Counsel.

### EXHIBITS

The parties presented documents relative their contentions, including the denial decision of the Fund administrators, the agenda note of the Trustees' denial of the pension, the transcript of the Trustees' hearing, new and old pension application forms, the Plan Rules, and other relevant documents. Pre- and Post-Hearing Briefs were filed by Counsel for both parties.

### DECISION

1. The Trustees were in error upon an issue of law (considering the Rules as the 'law' in this case) in that they failed to consider the question of severance of employment as presented by the Claimant, instituted a 'new' written requirement of proof of severance of employment by pension applicants, and failed to consider the apparent ambiguities in their Rules on this issue.



EXHIBIT D
17

2. The Trustees acted arbitrarily and capriciously as indicated above and in refusing to consider the evidence, finally adduced more specifically at the arbitration hearing, that numerous employees who had been granted Service Pensions retiree's had continued to work in the past without severing their employment. Instead, the Plan initiated a new requirement that pension applicants had to show proof of employment severance before their pension application would be considered on a substantive basis.
3. The Trustee's findings of fact were not supported by substantial evidence in that they failed to investigate the proffered evidence that other employees had not been required to sever employment prior to having their pensions granted.
4. ORDER: The Claimant's request for his Service Pension Benefit is hereby granted without a severance of employment.

**FURTHER RATIONALE**

1. Pension Plan Rules have a *latent ambiguity* in that they provide apparently for continued employment after receipt of Service Pension, but also provides for 'recommencing' of employment.
2. Arbitrator accepts showing that at least 22 employees in the two Hotels employing Appellant YIP (and YIP who is an Appellant in a 'companion' case, AAA Case No. 73 620 00140 07 LYMC, being heard simultaneously with the instant case).
3. Denial of pensions unless employment is severed denies retirees seniority and other benefits which they would continue to earn if they did not have to sever employment and for which other employees have benefited.
4. The Arbitrator adopts in whole or in part the rationale and argument of Claimant's Counsel as his findings of fact and conclusions of law.
5. The Arbitrator agrees with the sentiment expressed in the ***Restatement (Second) of Contracts*** which states in relevant part: "...it is sometimes said that extrinsic evidence (Arbitrator's Note: the 22 employees who have received pension benefits without severing employment) cannot change the plain meaning of the writing, but meaning can almost never be plain except in a context..." (found in ***How Arbitration Works (Elkouris), BNA, Sixth Edition*** page 437 ff., including footnotes))

The administrative fees and expenses of the American Arbitration Association totaling $500.00 shall be borne as incurred.

The fees and expenses of the arbitrator totaling $1500.00 shall be borne as incurred.

The other common expenses relating to this proceeding, totaling $16.55, shall be borne as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

8-29-07

**Date**

[signature]

**Philip Tamoush**



EXHIBIT D

18

# AMERICAN ARBITRATION ASSOCIATION

**Arbitration Tribunal**

In the Matter of the Arbitration between

Re: 73 620 00140 07 LYMC
Claimant, CHARLES YIP
VS
Respondent, Board of Trustees of the San Diego UNITE-HERE Pension Fund

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Pension Fund Rules providing for arbitration of disputes between the above-named parties and dated October 13, 2003, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

### ISSUES

1. whether the Trustees were in error upon an issue of law.
2. whether they acted arbitrarily or capriciously in the exercise of their discretion.
3. whether their findings were supported by substantial evidence.

### BACKGROUND

The parties to this dispute and arbitration matter are CHARLES YIP, Appellant (Claimant) and the Board of Trustees of the San Diego UNITE-HERE Pension Fund (Respondent). An administrative hearing was held before the Board of Trustees regarding the Claimant's application for a Service Pension. While treated as an appeal of the denial of the Fund's administrators, the matter was not processed and heard as a *de novo* consideration. As provided in the Fund Plan, Claimant exercised his right to appeal the decision of the Trustees. The representatives of the parties appeared before the undersigned on August 8, 2007. Both parties were represented by Counsel.

### EXHIBITS

The parties presented documents relative their contentions, including the denial decision of the Fund administrators, the agenda note of the Trustees' denial of the pension, the transcript of the Trustees' hearing, new and old pension application forms, the Plan Rules, and other relevant documents. Pre- and Post-Hearing Briefs were filed by Counsel for both parties.

### DECISION

1. The Trustees were in error upon an issue of law (considering the Rules as the 'law' in this case) in that they failed to consider the question of severance of employment as presented by the Claimant, instituted a 'new' written requirement of proof of severance of employment by pension applicants, and failed to consider the apparent ambiguities in their Rules on this issue.



EXHIBIT D
18